1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    MICHAEL A. GRASSMUECK,            CASE NO. C17-0794JLR

11                     Plaintiff,       ORDER

12            v.

13    ZHOU YAN, et al.,

14                     Defendants.

## I.    INTRODUCTION

Before the court are two motions:  (1) Defendant Zhou Yan's motion for a six-month stay of this lawsuit (MFS (Dkt. # 17)), and (2) Ms. Zhou's motion to seal her counsel's supplemental declaration (Supp. Troberman Decl. (Dkt. # 23) (sealed)), which she filed in support of her reply memorandum related to the first motion (MTS (Dkt. # 24)).  Plaintiff Michael A. Grassmueck, the court-appointed Receiver for Path America, LLC, and several other entities in *Securities and Exchange Commission v. Path America, LLC, et al.*, No. C15-1350JLR (W.D. Wash.) ("the Receivership"), opposes Ms. Zhou's

1   motion for a stay.  (MFS Resp. (Dkt. # 19).)  Mr. Grassmueck also opposes Ms. Zhou's

2   motion to seal.  (MTS Resp. (Dkt. ## 25-1 (redacted), 26 (sealed).)  The court has

3   reviewed the motions, the parties' submissions related to the motions, the relevant

4   portions of the record, and the applicable law.  Considering itself fully advised,[1] the court

5   DENIES the motion to stay and GRANTS the motion to seal.

6                        **II.    BACKGROUND**

7          Mr. Grassmueck's lawsuit arises from the allegedly fraudulent transfer of funds

8   from Receivership entities to Ms. Zhou, which Ms. Zhou allegedly used to purchase a

9   residence in Bellevue, Washington.  (*See generally* Compl. (Dkt. # 1).)  Mr. Grassmueck

10  seeks to return those funds to the Receivership, or in the alternative, quiet title to Ms.

11  Zhou's interest in the Bellevue residence.  (*See id.*)  Mr. Grassmueck has recorded a *lis*

12  *pendens* against the Bellevue residence making any transfer or encumbrance of the

13  property subject to any rights of Mr. Grassmueck in his role as Receiver following

14  resolution of this lawsuit.  (Mot. Ex. A.)

15         Ms. Zhou is a party in a parallel civil action, in which she is represented by

16  Richard J. Troberman.  (Troberman Decl. (Dkt. # 18) ¶ 3; Supp. Troberman Decl. (Dkt.

17  # 23) (sealed) ¶ 3.)  During the course of Mr. Troberman's representation of Ms. Zhou,

18  Assistant United States Attorneys informed Mr. Troberman that the related criminal

19  //

20  _____

21         [1] Ms. Zhou requests oral argument on her motion for a stay.  (*See* MFS at 1.)  The parties
    filed thorough memoranda in support of their positions, and oral argument would not assist the
    court in its disposition of Ms. Zhou's stay motion.  Accordingly, the court denies Ms. Zhou's
22  request.  *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all
    motions will be decided by the court without oral argument.).

1  proceeding involving Lobsang Dargey,[2] *United States v. Lobsang Dargey*,

2  No. CR17-0001RSL (W.D. Wash.), remains an open investigation, and "Ms. Zhou

3  remains a potential target of that investigation."[3]  (Troberman Decl. ¶ 4; *see also* Supp.

4  Troberman Decl. ¶ 5.)

5                                  **III.    ANALYSIS**

6  **A.    Ms. Zhou's Motion for a Stay**

7        In the absence of "substantial prejudice" to the parties' rights, simultaneous,

8  parallel criminal and civil proceedings are unobjectionable.  *Keating v. Office of Thrift*

9  *Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotations omitted).

10 "Nevertheless, a court may decide in its discretion to stay civil proceedings when the

11 interests of justice seem to require such action."  *Id.*  The court "should consider 'the

12

13

14        [2] Mr. Dargey was the principal operator of the Receivership entities.  (MFS Resp. at 1.)

15        [3] Mr. Grassmueck objects to this portion of Mr. Troberman's declaration as inadmissible
   hearsay.  (MFS Resp. at 3.)  The court concludes that the statement is not hearsay.  Ms. Zhou
   does not offer this portion of Mr. Troberman's declaration for the truth of the matters stated by
16 the Assistant United States Attorneys, but rather for the purpose of notifying the court that Mr.
   Troberman was told that his client, Ms. Zhou, is the target of a criminal investigation.  *See* Fed.
17 R. Evid. 801(c)(2) ("'Hearsay' means a statement that . . . a party offers into evidence to prove
   the truth of the matter asserted in the statement.").  Even if the statements are hearsay, the court
   concludes that they are admissible under Federal Rule of Evidence 807(a), the residual exception
18 to the hearsay rule.  *See* Fed. R. Evid. 807(a).  Here, Assistant United States Attorneys made an
   out-of-court statement to Mr. Troberman, which is relevant to Ms. Zhou's motion for a stay.  All
19 of the individuals involved in the communication at issue are officers of the court by virtue of
   their bar admission.  Thus, the court concludes that the out-of-court statement (1) "has equivalent
20 circumstantial guarantees of trustworthiness," (2) is "offered as evidence of a material fact"—
   that the Assistant United States Attorneys informed Ms. Zhou's counsel that Ms. Zhou remains
21 the target of a criminal investigation, (3) "is more probative on the point . . . than any other
   evidence" that Ms. Zhou "can obtain through reasonable efforts," and (4) "admitting the
   statement best serves the purposes of the[] rules and the interests of justice."  *See id.*
22 Accordingly, the court overrules Mr. Grassmueck's objection.

1    extent to which the defendant's [F]ifth [A]mendment rights are implicated.'" *Id.* (quoting

2    *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).  However,

3    "[n]ot only is it permissible to conduct a civil proceeding at the same time as a related

4    criminal proceeding, even if that necessitates invocation of the Fifth Amendment

5    privilege, but it is even permissible for the trier of fact to draw adverse inferences from

6    the invocation of the Fifth Amendment in a civil proceeding." *Id.* at 326 (citing *Baxter v.*

7    *Palmigiano*, 425 U.S. 308, 318 (1976)).

8        Although the extent to which a defendant's Fifth Amendment rights are implicated

9    is a significant factor, it is only one consideration to be weighed against other

10   considerations when evaluating a stay.  *Id.* at 326.  In addition to the defendant's Fifth

11   Amendment rights, the court should consider:  "(1) the interest of the plaintiffs in

12   proceeding expeditiously with this litigation or any particular aspect of it, and the

13   potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of

14   the proceedings may impose on defendants; (3) the convenience of the court in the

15   management of its cases, and the efficient use of judicial resources; (4) the interests of

16   persons not parties to the civil litigation; and (5) the interest of the public in the pending

17   civil and criminal litigation." *Id.* at 324-25.  Ms. Zhou, as the moving party, bears the

18   "heavy burden" of demonstrating that a stay is warranted.  *Slagowski v. Cent. Wash.*

19   *Asphalt*, 291 F.R.D. 563, 569 n.4 (D. Nev. 2013)

20        1.  Ms. Zhou's Fifth Amendment Privilege

21        Although Assistant United States Attorneys have indicated to Ms. Zhou's counsel

22   that she is possibly under criminal investigation (Troberman Decl. ¶ 4; *see* Supp.

ORDER - 4

Troberman Decl. ¶ 5), the government has not responded to Ms. Zhou's counsel's recent

requests for an update concerning the status of that possible criminal investigation (Supp.

Troberman Decl. ¶ 5).  Although a court will not categorically deny a stay solely because

the defendant has not yet been indicted, "[w]hen 'no indictment has been returned,' and

no criminal action is underway, the case for a stay is much weaker." *eBay, Inc. v. Digital

Point Sols., Inc*., No. C 08-4052 JF (PVT), 2010 WL 702463, at *3 (N.D. Cal. Feb. 25,

2010) (quoting *Molinaro*, 889 F.3d at 903).  The case for a stay is weaker because the

potential prejudice to a civil defendant facing a parallel criminal investigation is more

remote than it is for an indicted defendant and the delay for the plaintiff is potentially

indefinite.  *Id.*

        Because the government has not issued an indictment against Ms. Zhou, the extent

to which any criminal proceeding may overlap with this civil proceeding is unknown.

Although Ms. Zhou argues that the criminal investigation "would likely stem from

payments made to Mr. Dargey," she provides no supporting evidence for this assertion.

(Mot. at 5.)  As Mr. Grassmueck points out, the investigation might "be focused entirely

on potential misrepresentations by [Ms. Zhou] while soliciting investors" for Mr.

Dargey's various projects, or the investigation could "be focused on whether [Ms. Zhou]

played a role in altering financial records provided to the government or [the] lender

Voya Insurance and Annuity Company."  (MFS Resp. at 3.)  Simply stated—there is

scant information concerning any criminal investigation into Ms. Zhou's actions.  (*See

generally* Troberman Decl., Supp. Troberman Decl.)  Indeed, the court cannot be certain

that any criminal investigation of Ms. Zhou is ongoing.  The mere fact that the

1  government did not respond to Ms. Zhou's counsel's most recent inquiry concerning the

2  possible investigation does not mean that an investigation is ongoing or that an

3  indictment will issue.  Rather, the government's failure to respond provides no

4  information at all.

5      As a result of the uncertainties surrounding any criminal investigation into Ms.

6  Zhou, the court cannot evaluate the degree to which Ms. Zhou's Fifth Amendment rights

7  would be implicated in this case, if at all.  Although the fact that an indictment might

8  issue at some point in the future may make it more difficult for Ms. Zhou to defend this

9  suit, "[a] defendant has no absolute right not to be forced to choose between testifying in

10  a civil matter and asserting h[er] Fifth Amendment privilege."  *See Keating*, 45 F.3d at

11  326; *see also Molinaro*, 889 F.2d at 903 (stating that the case for staying an action is "far

12  weaker" when an indictment has not issued, even though the possibility of such an

13  indictment makes responding to the civil action more difficult).  The court finds that, due

14  to their attenuated nature, Ms. Zhou's concerns regarding the assertion of her Fifth

15  Amendment privilege in this suit weigh only moderately in favor of staying the case.

16      2.  <u>Mr. Grassmueck's and Non-Parties' Interests in Proceeding with the Litigation</u>

17      Ms. Zhou argues that the interests of Mr. Grassmueck in his role as Receiver "are

18  fully protected" because Mr. Grassmueck has recorded a *lis pendens* against Ms. Zhou's

19  property so "there can be no dissipation of assets as a result of a brief delay in this

20  matter."  (Mot. at 5, Ex. A.)  Despite the *lis pendens*, the court finds that Mr. Grassmueck

21  and the Receivership's creditors and investors have a strong interest in this case

22  proceeding as scheduled.  If this action is stayed for six months or more, the Receivership

1  will necessarily remain open and costs of administration will continue to accrue and

2  deplete the funds that are available for distribution to the Receivership's investors and

3  creditors. (Grassmueck Decl. (Dkt. # 20) ¶¶ 2-3.) Further, due to the costs associated

4  with making distributions, the Mr. Grassmueck intends to make a single distribution at

5  the conclusion of the Receivership rather than multiple distributions. (*Id.* ¶ 3.) Thus,

6  investors and creditors will have to wait for the conclusion of this proceeding before

7  receiving any payment from the Receivership and delays in this proceeding are likely to

8  engender similar delays in Mr. Grassmueck's ability to distribute Receivership funds.

9  (*See id.*) The court finds that the adverse effect of a stay on Mr. Grassmueck in his role

10  as Receiver and Receivership investors and creditors weighs heavily against the issuance

11  of a stay.

12       3.  <u>The Burden on Ms. Zhou</u>

13       Other than her concerns regarding the exercise of her Fifth Amendment privilege,

14  Ms. Zhou has not identified any burden "which any particular aspect of the proceedings

15  may impose" upon her. *Keating*, 45 F.3d 322, 324-25. As discussed above, the burden

16  on Ms. Zhou's Fifth Amendment privilege is not insurmountable and weighs only

17  moderately in favor of a stay—particularly in the absence of any indictment. *See supra*

18  § III.A.1.

19       4.  <u>The Convenience of the Court and the Efficient Use of Judicial Resources</u>

20       The court agrees with Mr. Grassmueck that judicial economy and the court's

21  interest in managing its caseload weigh against granting a stay because there are no

22  parallel criminal proceedings against Ms. Zhou. (*See* MFS Resp. at 8.) "[T]he extent to

1   which common issues would be resolved in a criminal proceeding is speculative when no

2   criminal charges actually are pending." *See eBay*, 2010 WL 702463, at *6. Thus, there

3   is no risk of duplication of judicial efforts in resolving the pending civil claims against

4   Ms. Zhou, and any delay will only serve to further burden the court's docket.

5          Further, if the court were to grant the stay, the burden on the court's docket would

6   be indefinite. Ms. Zhou requests a stay for "an initial period of six (6) months" (Mot. at

7   1), but her proposed order contemplates further delay (Prop. Ord. (Dkt. # 21-1) at 2).

8   Because there is no indictment, neither the court nor counsel can gauge how long any

9   criminal investigation into Ms. Zhou will last or even if it is still ongoing. Thus, Ms.

10  Zhou can offer no assurance that the government will issue an indictment or that she will

11  be excluded as a target, if she remains one, within the initial six-month period she

12  requests for a stay. The court concludes, therefore, that a stay would not serve judicial

13  economy or the court's interest in managing its docket.

14         5.  The Public's Interest

15         As discussed above, any delay in this proceeding is likely to result in a delay in the

16  distribution of the Receivership. *See supra* § III.A.2. Yet, the public has a strong interest

17  in ensuring that "defrauded investor creditors receive a speedy and economic resolution

18  of the receivership action and at least receive something." *Sec. & Exch. Comm'n v.*

19  *Schooler*, No. 3:12-CV-2164-GPC-JMA, 2016 WL 6962745, at *3 (S.D. Cal. Nov. 29,

20  2016) (quoting *Sec. & Exch. Comm'n v. Goldfarb*, No. C 11-00938 WHA, 2013 WL

21  //

22  //

1    4865144, at *3 (N.D. Cal. Sept. 12, 2013)).  Thus, the interests of the public weigh

2    against granting a stay.

3        6.  Weighing the Factors

4        Although the court finds that Ms. Zhou's concerns about raising her Fifth

5    Amendment privilege weigh moderately in favor of a stay in the context of this case, *see*

6    *supra* § III.A.1, the court finds that all of the remaining *Keating* factors weigh against

7    granting a stay, *see supra* §§ III.A.2-5.  The extent to which Ms. Zhou's Fifth

8    Amendment rights are implicated is only one consideration to be weighed against the

9    others when evaluating a stay.  *Keating*, 45 F.3d at 326.  Because Ms. Zhou's Fifth

10   Amendment concerns are outweighed by all of the remaining factors, the court denies

11   Ms. Zhou's motion for a stay of these proceedings.

12   **B.    Ms. Zhou's Motion to Seal the Supplement Troberman Declaration**

13       Ms. Zhou moves to seal the supplemental declaration of her counsel, which Ms.

14   Zhou filed in support of her motion for a stay.  (*See generally* MTS; *see also* Supp.

15   Troberman Decl.)  Because the declaration relates to Ms. Zhou's non-dispositive motion

16   for a stay (*see* MFS), Ms. Zhou must demonstrate good cause for sealing the declaration,

17   *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Ms. Zhou

18   asserts that the court should maintain the seal on the supplemental declaration because it

19   "references matters and documents . . . which are currently under seal pursuant to a prior

20   [o]rder of this [c]ourt," and "[u]ntil those documents and proceedings are unsealed, it is

21   appropriate that any reference made thereto also be sealed."  (MTS at 1.)

22       Mr. Grassmueck opposes Ms. Zhou's motion to seal and suggests that Ms. Zhou

1    could redact her counsel's supplemental declaration instead of filing it under seal in its

2    entirety.[4]  (*See* MTS Resp.)  The court disagrees.  First, Mr. Grassmueck interprets the

3    court's prior order on sealing too narrowly.  (*See* MTS Resp. at 3.)  Second, references to

4    items or information that the court previously ordered sealed are scattered throughout the

5    supplemental declaration.  Publication of a redacted version of the supplemental

6    declaration would be of little use to the public because redaction would render the

7    supplemental declaration virtually meaningless.  Accordingly, the court finds that Ms.

8    Zhou has demonstrated good cause for sealing her counsel's supplemental declaration

9    (*see* Supp. Troberman Decl.), grants Ms. Zhou's motion to seal, and directs the Clerk to

10   maintain the seal on docket number 23.

## IV.    CONCLUSION

12        Based on the foregoing analysis, the court DENIES Ms. Zhou's motion for a stay

13   (Dkt. # 17), GRANTS Ms. Zhou's motion to seal her counsel's supplemental declaration

14   (Dkt. # 24), and DIRECTS the Clerk to maintain the seal on docket number 23.

15        Dated this 27th day of July, 2017.

16

17

18                                          JAMES L. ROBART
                                           United States District Judge

19

20

21   [4] Ms. Zhou's motion to seal the supplemental declaration is not noted for the court's
     decision until July 28, 2017 (*see* 7/14/17 Dkt. Entry), and she has not yet filed her reply
     memorandum (*see generally* Dkt.).  There is no prejudice to the parties, however, in the court
22   ruling on this motion prior to the noting date.  Mr. Grassmueck filed his response (*see* MTS
     Resp.), and the court rules in Ms. Zhou's favor.